**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eric Boyd,<br><br>           Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>           Defendant. | No. CV-24-08036-PCT-MTL<br><br>**ORDER** |

At issue is the denial of Plaintiff Eric Boyd's ("Plaintiff") Application for Disability Benefits under the Social Security Act. Plaintiff filed a complaint and an opening brief with this Court, seeking review for the denial of benefits. (Docs. 1, 19.) Defendant Commissioner of the Social Security Administration submitted a response brief (Doc. 21), but Plaintiff did not file a reply. The Court has reviewed the briefs and the administrative record (Docs. 10-16, "A.R."), and now affirms the Administrative Law Judge's ("ALJ") decision.

**I.    BACKGROUND**

Plaintiff filed an application for Title II Disability Insurance Benefits on March 7, 2019, alleging disability beginning March 1, 2017.[1] (A.R. at 1110, 1135.) Plaintiff's application was denied on June 11, 2019 (*Id.* at 106-11), and upon reconsideration on August 30, 2019 (*Id.* at 113-17). Plaintiff requested a hearing, held on June 2, 2020 (*Id.*

---

[1] The application shows a date of March 19, 2019; however, the ALJ and Plaintiff's brief provide March 7, 2019, as the application date. (A.R. at 207, 1135; Doc. 19 at 2.) This discrepancy does not affect the Court's analysis.

at 31-66), and the ALJ issued a decision denying Plaintiff's application (*Id.* at 11-26). The Appeals Council denied Plaintiff's request for review, and the ALJ's decision became final. (*Id.* at 2-7.) Following the unfavorable decision, Plaintiff filed an appeal with the District Court on December 21, 2020. (*Id.* at 1269-71.) The District Court issued an order and entered judgment reversing and remanding the ALJ's decision on August 5, 2022. (*Id.* at 1279-88.) On remand, the ALJ conducted telephonic hearings on May 17, 2023, and October 25, 2023. (*Id.* at 1110.) Then, on December 20, 2023, the ALJ published an unfavorable decision. (*Id.* at 1107-35.) The Appeals Council did not assume jurisdiction on its own motion, and the ALJ's decision again became final. Following the unfavorable decision, Plaintiff filed this appeal and now seeks judicial review with this Court pursuant to 42 U.S.C. § 405(g). (Doc. 1.) This Court has reviewed the record and will discuss the pertinent evidence in addressing the issues raised by the parties.

After considering the medical evidence and opinions, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since March 1, 2017, the alleged onset date, through December 31, 2022, the date Plaintiff was last insured. (A.R. at 1112.) The ALJ found Plaintiff had the following severe impairments: cluster headaches, history of traumatic brain injury, posttraumatic stress disorder, panic disorder, loss of vision in the left eye, left rotator cuff tendonitis, chronic obstructive pulmonary disorder, and asthma. (*Id.* at 1112-13.) The ALJ further determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. (*Id.* at 1113.)

Next, the ALJ determined Plaintiff's residual functional capacity ("RFC").[2] Through December 31, 2022, the ALJ found:

> [T]he claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except: he could never climb ladders, ropes, and scaffolds; he could occasionally climb ramps and stairs; he could occasionally balance; he could occasionally stoop, crouch, kneel, and crawl; he could occasionally reach overhead with the left upper extremity; he could have no exposure to unprotected heights;

---

[2] RFC refers to the most a claimant can do in a work setting despite his or her limitations. 20 C.F.R. § 416.945(a)(1).

> he could have occasional exposure to extreme cold, extreme heat, and humidity; he could have occasional exposure to concentrated forms of pulmonary irritants, such as fumes, odors, dust and gases; he could understand and perform simple, routine tasks; he could perform a low-stress job, defined as one having only occasional decision making required and only occasional changes in the work setting; he was limited to jobs requiring only occasional depth perception; his left field of vision was limited such that he would not be able to see objects appearing rapidly from the left, such as on an assembly line job, but he could see hazards like boxes and doors ajar; and he could occasionally interact with the public and with co-workers.

(*Id.* at 1116.)

The ALJ further found Plaintiff unable to perform any past relevant work. (*Id.* at 1132.) Nonetheless, the ALJ determined there were a significant number of jobs in the national economy Plaintiff could perform. (*Id.* at 1133.) Consequently, the ALJ concluded Plaintiff was not disabled at any time from the alleged onset date through the date last insured. (*Id.* at 1135.)

## II.    LEGAL STANDARD

The district court reviews only those issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the ALJ's determination only if it is not supported by substantial evidence or if it is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the entire record. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the entire record and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* (citation omitted). Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The substantial evidence threshold "defers to the presiding ALJ, who has seen the hearing up close. *Biestek v. Berryhill*, 587 U.S. 97, 108 (2019); *see also Thomas v. CalPortland Co.*, 993 F.3d 1204, 1208 (9th Cir. 2021) (noting substantial evidence "is an extremely deferential standard").

To determine whether a claimant is disabled, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i), (b). If so, the claimant is not disabled, and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. *Id.* § 404.1520 (a)(4)(ii), (c). If not, the claimant is not disabled, and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. *Id.* § 404.1520(a)(4)(iii), (d). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. *Id.* § 404.1520(a)(4)(iv), (f), (h). If so, the claimant is not disabled, and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where the ALJ determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. *Id.* § 404.1520(a)(4)(v), (g), (h). If not, the claimant is disabled. *Id.*

### III. DISCUSSION

As a preliminary matter, the Court finds that Plaintiff fails to raise issues in the opening brief that Plaintiff included in the complaint. In the complaint, Plaintiff alleged that "the ALJ did not properly weight the medical evidence that [Plaintiff] had more limitations expressed by Dr. Baruskov, Dr. Hawkins, Dr. Mongrovejo, Dr. Rubin, Dr. Keer, Dr. Quinones, Dr. Tran, Dr. Durst, Dr. Gill, PA Cocilovo, Dr. Rosebrook, and Dr. Nutt." (Doc. 1 at 3:23-26.) Then, in his opening brief, Plaintiff only provides a stream of facts specific to Dr. Tran's medical evidence. (*See* Doc. 19.)

The Court only considers the issues Plaintiff presents in the opening brief. *See, e.g.*, *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (stating that the

court "will not consider any claims that were not actually argued in the appellant's opening brief"); *Tianna B. v. Kijakazi*, No. 4:20-cv-5125-EFS, 2022 WL 17224486, at *5 (E.D. Wash. 2022) (finding that issues not specifically and distinctly contested in a claimant's opening brief are considered waived). If an issue is not raised in the opening brief, the Court may only review the issue for good cause shown, manifest injustice, or prejudice to the opposing party. *Farley v. Colvin*, 231 F. Supp. 3d 335, 341 (N.D. Cal. 2017) (applying this standard to a Social Security appeal to determine whether the court could review an issue not raised in the opening brief); *Shade R. v. Comm'r of Soc. Sec.*, CASE NO. C20-1790-MAT, 2022 WL 36894, at *2 (W.D. Wash. 2022) (same).

The Court finds that none of these situations apply here. In the response brief, the Commissioner identified that Plaintiff's objections were poorly explained. The Commissioner stated that "Plaintiff appears to argue that the ALJ did not properly evaluate [Dr. Tran's] medical opinion." (Doc. 21 at 2.) Plaintiff did not file a reply brief to explain which specific medical opinions he wanted the Court to evaluate, even after the Commissioner identified this issue.

Furthermore, Local Rule of Civil Procedure 16.1(b)(1) requires the opening brief to contain "[a] statement of the issues presented for review, set forth in numbered paragraphs."[3] Plaintiff falls short of this requirement. Instead, Plaintiff vaguely alleges "[t]he ALJ did not state reasons supported by the record as a whole that take into account the difficulties that Dr. Tran observed supported elsewhere in the record." (Doc. 19 at 12:17-19.) As such, the Court construes from the brief two arguments: the ALJ did not present substantial evidence in his decision to reject Dr. Tran's opinion on Plaintiff's (1) balance and (2) mobility limitations of his left hand.

### A. Medical Opinions

Plaintiff argues that "[w]here the ALJ fails to state reasons supported by substantial evidence for rejecting physical limitations supported by opinion evidence, the court should

---

[3] Plaintiff also fails to comply with LRCiv 16.1(b)(5), which requires "[a] short conclusion stating the relief sought." (*See* Doc. 19 at 14.) Further, Plaintiff's "Summary of Vocational Evidence" section is blank. (Doc. 19 at 11.)

- 5 -

reverse." (Doc. 19 at 11.)

Because Plaintiff filed his claim after March 27, 2017, the revised regulations for evaluating medial evidence apply. (A.R. at 207-13.) *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (Jan. 18, 2017). The ALJ must consider all opinion evidence and determine the persuasiveness of each medical opinion's findings based on factors outlined in the regulations. 20 C.F.R. § 404.1520c(a)-(b). The most important factors ALJs consider are "consistency" and "supportability." *Id.* § 404.1520c(b)(2). Consistency focuses on evidence extrinsic to the medical opinion, requiring adjudicators to compare consistency of the opinion to other evidence in the record. *Id.* § 404.1520c(c)(2). In contrast, supportability focuses on evidence intrinsic to the medical opinion, requiring adjudicators to look at the relevance of the objective medical evidence and explanations cited as support for the physician's medical opinion. *Id.* § 404.1520c(c)(1). The ALJ may, to a lesser degree, consider other factors such as the length and purpose of the treatment relationship, the kinds of examinations performed, and whether the medical source personally examined the claimant. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022)). But the ALJ "need not take every medical opinion at 'face value.'" *Cross v. O'Malley*, 89 F.4th 1211, 1213 (9th Cir. 2024) (citing *Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020)). An ALJ "must articulate . . . how persuasive it finds all of the medical opinions from each doctor or other source . . . and explain how it considered the supportability and consistency factors' in reaching these findings." *Woods*, 32 F.4th at 792 (cleaned up).

### 1. Dr. Tran's Opinion on Plaintiff's Balance

Although unclear, Plaintiff argues that his "subtle loss of coordination," as evidenced by Dr. Tran's medical opinion, "leads to a limitation against never balancing." (Doc. 19 at 12:13-14.) Plaintiff argues the ALJ did not present substantial evidence in finding Plaintiff could "occasionally balance" when determining Plaintiff's RFC. (*Id.* at 12:13-20; A.R. at 1116.) In support, Plaintiff summarizes the opinions of other medical providers but does not challenge the ALJ's evaluation of these opinions. (Doc. 19 at 13.)

Plaintiff's argument fails for the following reasons.

First, the ALJ found Dr. Tran's medical opinion was not supported by her own evaluation of Plaintiff. (A.R. at 1127.) In May 2019, Dr. Tran completed a comprehensive neurological evaluation of Plaintiff. (A.R. at 800-06.) During this evaluation, Dr. Tran never found Plaintiff incapable of balancing, and at most, placed a restriction Plaintiff's ability to walk, stand, or climb stairs or uneven terrain to a frequent basis. (*Id.* at 803.) But as the ALJ finds, this is not supported by Dr. Tran's observation that Plaintiff had a normal straight-away gate and normal toe, heel, and tandem walk. (*Id.* at 1127, 802.)

Although Plaintiff argues his RFC should reflect "a limitation against never balancing," at no point does Dr. Tran make this statement. (Doc. 19 at 12.) To support his argument, Plaintiff states he has "difficulty with balance," and then immediately concedes that while he is "not imbalanced, [he] does have dizziness." (*Id.*) It is unclear how this argument relates to whether the ALJ used substantial evidence to support finding Plaintiff may occasionally balance.

Second, the ALJ found Dr. Tran's opinion inconsistent with the overall record. While the ALJ acknowledges Plaintiff complained of pain, the ALJ cites portions of the record where Plaintiff exhibited a normal gait and did not use a prescribed assistive device. (*Id.* at 1127 (citing Exs. 2F, 7F, 18F, 21F, 22F, 28F, 30F).) For example, the ALJ cites to Exhibit 2F, which illustrates that Plaintiff's "[m]obility was not limited." (*Id.* at 386, 394.) Finally, the ALJ noted "the examinations did not routinely demonstrate abnormal balance or coordination issues." (*Id.* at 1127.) This is supported by evidence of Plaintiff engaging in activities such as daily jogging or weightlifting twice a week. (*Id.* (citing Ex. 26F).) Therefore, the ALJ presented substantial evidence to find Dr. Tran's opinion unpersuasive. *See Woods*, 32 F.4th at 792-93 (finding substantial evidence when an ALJ rejecting a medical opinion that was inconsistent with overall treating notes and mental status exams in the record).

Plaintiff refers to the previous June 23, 2020 ALJ decision and makes a conclusory statement that the "ALJ changed his mind on remand to permit occasional balancing."

(Doc. 19 at 12.) Although Plaintiff raised a "failure to abide by the law of case and rule of mandate" argument in the complaint, he failed to include this in the opening brief. (Doc. 1 at 4:4; *see generally* Doc. 19.) To the extent Plaintiff is trying to make a law of the case doctrine or rule of mandate argument, Plaintiff does not provide the legal standard nor any supporting facts or argument in his opening brief, and as such, the Court does not consider this issue. *See Indep. Towers of Wash.*, 350 F.3d at 929.

### 2. Dr. Tran's Opinion on Plaintiff's Left-Hand Mobility

Plaintiff additionally contends that the ALJ "rejected Dr. Tran's limitation on left hand fingering" and "clearly understood the objective basis for Dr. Tran's opinion and disagreed." (Doc. 19 at 12.) Presumably, Plaintiff is arguing the ALJ did not present substantial evidence in finding that a "subtle loss of coordination does not justify a limitation to occasional fingering." (*Id.*)

Plaintiff has the burden to establish he is disabled, and his failure to provide evidence in support does not automatically shift the burden to the ALJ. *See* 42 U.S.C. § 423(d)(5) ("An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require.").

Here, the ALJ cited specific examples from the medical record that supported the RFC finding and fully articulated how persuasive he found Dr. Tran's medical opinion. For example, the ALJ determined that Dr. Tran's limitation on Plaintiff's left-hand fingering was not supported by Dr. Tran's own evaluation of Plaintiff. (*Id.* at 1127.) The ALJ noted that "Dr. Tran characterize[d] the claimant's coordination loss as 'subtle,' which [did] not warrant a restriction to occasional fingering." (*Id.* at 1127, 803.) Further, Plaintiff "exhibited 5/5 strength in the extremities including grip," and Dr. Tran stated there was no atrophy. (*Id.* at 1127.) This is inconsistent with Dr. Tran's finding that "[t]here is fingering restrictions for the upper left extremity to an occasional basis." (*Id.* at 803.)

Moreover, the ALJ found Dr. Tran's limitation on Plaintiff's left-hand fingering was inconsistent with the record because "longitudinal medical evidence does not show

1  abnormal findings supporting loss of coordination or fine motor issues during the relevant
2  period." (*Id.* at 1127.) *See Coleman v. Saul*, 979 F.3d 751, 757 (9th Cir. 2020) (finding "the
3  ALJ provided legally sufficient reasons" to reject medical opinion where "the full medical
4  record casted doubt on the limitations assessed").

5        Plaintiff presents no evidence to dispute the ALJ's decision—merely arguing "[t]he
6  ALJ clearly understood the objective basis for Dr. Tran's opinion and disagreed."
7  (Doc. 19 at 12:23-24.) *See Amaral v. Berryhill*, 707 Fed. Appx. 487, 488 (9th Cir.
8  Dec. 21, 2017) ("[The claimant] essentially advocates for the Court to reweigh the medical
9  evidence and arrive at a different conclusion than the ALJ; however, [he] has not
10 established that the ALJ failed to support this decision with substantial evidence . . . as
11 required to reverse the ALJ's decision.").

12       For the foregoing reasons, the Court finds the ALJ provided substantial evidence to
13 support his conclusion of Dr. Tran's medical opinion.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** affirming the December 20, 2023 decision by the Administrative Law Judge (A.R. at 1107-35).

**IT IS FINALLY ORDERED** directing the Clerk of the Court to enter judgment accordingly and dismiss this action.

Dated this 27th day of December, 2024.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge

- 9 -